**Rule 1311.1. Procedure on Appeal. Admission of Documentary Evidence.**

(a) **Election.** The plaintiff may elect **[a limit of $25,000.00]** <u>an amount equal to the jurisdictional limit for compulsory arbitration of the judicial district in which the action was filed</u> as the maximum amount of damages recoverable upon the trial of an appeal from the award of arbitrators. The election shall be filed and served upon every other party at least **[thirty]** <u>30</u> days from the date the appeal is first listed for trial. The election may be withdrawn at any time by agreement of the parties. If the parties cannot agree, upon plaintiff's motion to withdraw the election, the court may grant the withdrawal of the election upon good cause shown.

(b) **Offer of Documents at Trial.** If the plaintiff has filed and served an election as provided in subdivision (a), any party may offer at trial the documents set forth in Rule 1305(b)(1). The documents offered shall be admitted if the party offering them has provided written notice to every other party of the intention to offer the documents at trial at least **[twenty]** <u>20</u> days from the date the appeal is first listed for trial. The written notice shall be accompanied by a copy of each document to be offered.

**[Note: The deadline for providing notice of the intention to use the procedures of this subdivision may be altered by the court upon cause shown, provided that no party is prejudiced.**

**The term "plaintiff" includes a defendant who is the plaintiff in a counterclaim.]**

(c) **Permissible Use of Documents.** A document which is received into evidence under subdivision (b) may be used for only those purposes which would be permissible if the person whose testimony is waived by this rule were present and testifying at the hearing. The court shall disregard any portion of a document so received that would be inadmissible if the person whose testimony is waived by this rule were testifying in person.

(d) **Other Parties.** Any other party may subpoena the person whose testimony is waived by this rule to appear at or serve upon a party a notice to attend the trial and any adverse party may cross-examine the person as to the document as if the person were a witness for the party offering the document. The party issuing the subpoena shall pay the usual and customary fees and costs of the person subpoenaed to testify, including a usual and customary expert witness fee if applicable.

(1)    If another party subpoenas or otherwise arranges for the attendance at trial of the person whose testimony is waived by this rule, the document may be presented to the judge or jury as direct examination as if the person has not been subpoenaed by another person, or the plaintiff may conduct a direct examination of the witness.

(2)    Any party, or the person subpoenaed, may require that the testimony be given by deposition pursuant to **[Pa.R.C.P.]** <u>Rule</u> 4020(a)(5). The party issuing the subpoena shall pay the witness's usual and customary fee for such testimony.

(e)    **Election Form.**  The election required by subdivision (a) shall be substantially in the following form:

**(Caption)**

**Election to Limit Monetary Recovery**
**Pursuant to [Rule] <u>Pa.R.Civ.P.</u> 1311.1**

To:   _____
(Name of Party/Parties)


_____,    plaintiff,    elects    **$[25,000.00]**
**_____** as the maximum amount of damages recoverable upon the trial of the appeal from the award of arbitrators in the above captioned action.

                                           _____
                                         (Name of Plaintiff)
                                         _____
                                         (Attorney for Plaintiff)
                                         _____
                                         Date

Note: The term "plaintiff" includes a defendant who is the plaintiff in a counterclaim.

A plaintiff may include in a single document the election and the notice of intent to offer documents.

(f)    **Notice Form.**  The notice required by subdivision (b) shall be substantially in the following form:

**(Caption)**

**Notice of
Intent to Offer Documentary Evidence
Pursuant to [Rule] <u>Pa.R.Civ.P.</u> 1311.1**

To:    _____
       (Name of Party/Parties)


_____, (Plaintiff, Defendant, Additional Defendant), intends to offer the documents attached hereto at the trial of the appeal from the award of arbitrators, in the manner provided by Rule **[of Civil Procedure]** 1311.1. The following documents are attached (list all documents to be offered):

1.    _____.

2.    _____.

_____
(Name of Party)
_____
(Attorney for Party)
_____
Date

**[EXPLANATORY COMMENT—2003**

**New Rule 1311.1 introduces a new practice with respect to the admission of documentary evidence at the trial of an appeal from the award of arbitrators in compulsory arbitration.  The new rule incorporates the concept of Rule 1305 which permits specified documents to be admitted into evidence at the arbitration hearing upon notice by the party offering the documents to every other party accompanied by a copy of the documents.**

**The new procedure is limited to cases in which the "plaintiff stipulates to $15,000.00 as the maximum amount of damages recoverable upon the trial of an appeal from the award of arbitrators."  Subdivision (a) authorizes this stipulation and subdivision (f) provides a form of "Stipulation to Limitation of Monetary Recovery Pursuant to Rule 1311.1".**

Once the plaintiff has filed and served the stipulation, subdivision (b) of the new rule provides that "any party may offer at trial the documents set forth in Rule 1305(b)(1)." In so providing, subdivision (b) is substantially similar to the introductory language of Rule 1305(b)(1). The admission of the documentary evidence is conditioned upon notice to every other party accompanied by a copy of each document to be offered. Subdivision (g) contains a form of "Notice of Intent to Offer Documentary Evidence Pursuant to Rule 1311.1".

Rule 1311.1 draws upon Rule 1305 in two other respects as well. First, subdivision (c) of the new rule tracks Rule 1305(b)(3) stating the purposes for which the documents admitted into evidence may be used and directing the court to disregard "any portion of a document so received that would be inadmissible if the person whose testimony is waived by this rule were testifying in person." Second, subdivision (d) is substantially similar to Rule 1305(b)(4) governing the right of any other party to subpoena the person whose testimony is waived by the rule. Both subdivisions (c) and (d) vary from their counterparts in Rule 1305 only to accommodate the procedural posture of a trial rather than an arbitration hearing.

Rule 1311 governing the procedure on appeal from the award of arbitrators is amended to conform to the new rule by revising the title to read "Procedure on Appeal. Generally" and by adding to the note a cross-reference to the new rule.]

### [EXPLANATORY COMMENT--2006

Rule 1311.1 governing the admission of documentary evidence upon the trial de novo of an appeal from the award of arbitrators in compulsory arbitration became effective September 1, 2003. The rule as originally promulgated applied to appeals in which the plaintiff stipulated to $15,000.00 as the maximum amount of recoverable damages in the appeal. In light of the favorable reception to the rule, the maximum amount of recoverable damages has been increased to $25,000.00.]

### [EXPLANATORY COMMENT—2013

The Supreme Court of Pennsylvania has amended Rule 1311.1 governing the admission of documentary evidence upon the appeal of an award of arbitrators in compulsory arbitration in three respects. Currently, subdivision (a) of the rule provides for a party to stipulate to $25,000 as the maximum amount recoverable. The rule is silent as to any procedure for withdrawing the stipulation. The amended rule will allow a plaintiff to elect, rather than stipulate, a limit of $25,000. An election can subsequently be withdrawn upon agreement by the parties or pursuant to a court order upon good cause shown.

Subdivision (d) of the current rule provides that the expert witness be paid a reasonable fee for his or her testimony.  The amendment changes the reasonable fee to a usual and customary fee.

The amendment to subdivision (d) also provides a new procedure when another party subpoenas the witness whose testimony is waived under this rule.  The amendment would allow the plaintiff to present the document to the judge or jury as direct examination as if the person has not been subpoenaed by another person, or allow the plaintiff to conduct a direct examination of the witness.]

Comment:  Rule 1311.1 governs procedure with respect to the admission of documentary evidence at the trial of an appeal from the award of arbitrators in compulsory arbitration.  It incorporates into the arbitration appeal before the court of common pleas the concept of Rule 1305, which permits specified documents to be admitted into evidence at the arbitration hearing upon notice by the party offering the documents to every other party, accompanied by a copy of the documents.

The maximum jurisdictional limit for compulsory arbitration is set forth in 42 Pa.C.S. § 7361.  Each judicial district may, by local rule, set an arbitration amount up to its maximum jurisdictional limit.  *See generally* Pa.R.Civ.P. 1301.  Under Rule 1311.1, a plaintiff, which includes a defendant who is a plaintiff in a counterclaim, may elect as the maximum amount of damages an amount equal to the compulsory arbitration limit set by the judicial district in which the action was filed.  Rule 1311.1(a) also permits an election to be withdrawn either by agreement of the parties or court order for good cause shown.

In return for electing a maximum amount of damages, the party may offer at trial those documents set forth in Rule 1305(b)(1), which include, particularly, expert reports and descriptions of expert qualifications.  However, the documents are not admissible for all purposes.  *See* Pa.R.Civ.P. 1311.1(c).

The deadline for providing notice of the intention to use the procedures of subdivision (b) may be altered by the court upon cause shown, provided that no party is prejudiced.